UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **20-20032**

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 2
18 U.S.C. § 982(a)(7)

**CR-MIDDLEBROOKS**

**McALILEY**

UNITED STATES OF AMERICA

vs.

YENISELL FAYULA,

      **Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### The Medicare Program

1. The Medicare Program (Medicare) was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services (HHS). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. The Medicare program was divided into different "parts." Part D of Medicare subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.

3. In order to receive Part D benefits, a beneficiary had to be enrolled in a Medicare drug plan. Medicare drug plans were operated by private companies approved by Medicare.

Those companies were often referred to as drug plan sponsors. A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

4. A pharmacy could participate in Part D by entering a retail network agreement with one or more Pharmacy Benefit Managers (PBM's). Each PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim to the PBM that represented the beneficiary's Medicare drug plan. The plan or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The drug plan's sponsor reimbursed the PBM for its payments to the pharmacy.

5. A pharmacy could also submit claims to Medicare Part D's Limited Income Newly Eligible Transition (LINET) program. The LINET program provided temporary coverage to certain low income individuals who were newly eligible for Medicare Part D benefits. The LINET program provided Medicare Part D coverage until LINET-enrolled beneficiaries selected or were assigned a Medicare Part D drug plan. A beneficiary enrolled in Medicare's LINET program could fill a prescription at a pharmacy and use the LINET program to pay for some or all of the costs of the prescription.

6. The LINET program was operated by Humana on behalf of CMS. All LINET claims submitted were processed by Humana. A pharmacy did not have to have a contract with Humana in order to submit LINET claims and receive reimbursement from the LINET program. When a beneficiary who was eligible for participation or enrolled in the LINET program presented a prescription to a pharmacy, the pharmacy submitted the LINET claim to Humana on

2

behalf of the beneficiary. If Humana then determined that the pharmacy was entitled to payment based upon the claim, LINET made payments through its PBM, Argus, directly to the pharmacy.

7. To obtain payment from a PBM for a claim, pharmacies typically submitted claims electronically via the internet. The claim required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number (HICN) or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number (UPIN) or National Provider Identifier (NPI).

8. When a pharmacy submitted a claim to a PBM, the pharmacy certified that the contents of the claim were true, correct, complete, and that the claim was prepared in compliance with the laws and regulations governing the Medicare program. The submitting pharmacy also certified that the prescription drugs being billed were prescribed and were in fact provided as billed.

9. Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments were called capitation fees. The capitation fee was adjusted periodically based upon various factors, including the beneficiary's medical conditions. In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor of a portion of those additional expenses.

10. Medicare and Medicare drug plan sponsors were "health care benefit program[s],"

as defined by Title 18, United States Code, Section 24(b).

**Defendant and Related Entities**

11. A&B Pharmacy Discount Inc. (A&B Pharmacy) was a Florida corporation, located at 846 S.W. 8th Street, Hialeah, Florida, that did business in Miami-Dade County purportedly providing prescription drugs to Medicare beneficiaries.

12. 49th Street Pharmacy, LLC (49th Street Pharmacy) was a Florida corporation, located at 455 East 49th Street, Hialeah, Florida, that did business in Miami-Dade County

13. Defendant **YENISELL FAYULA**, a resident of Miami-Dade County, was a licensed pharmacy technician employed by A&B Pharmacy and 49th Street Pharmacy.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around August 2015, through in or around January 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YENISELL FAYULA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

    a. to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and

4

under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b. to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

  3. It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

  The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

  4. **YENISELL FAYULA** and others submitted and caused the submission of claims, via interstate wire communication, totaling approximately $1,416,277, which falsely and fraudulently represented that various health care benefits, primarily prescription drugs, were

5

medically necessary, prescribed by a doctor, and had been provided by A&B Pharmacy to Medicare beneficiaries.

5. As a result of such false and fraudulent claims, Medicare prescription drug plan sponsors, through their PBM's, made over-payments funded by Medicare to A&B Pharmacy in the approximate amount of $614,546.

6. **YENISELL FAYULA** and others submitted and caused the submission of claims, via interstate wire communication, totaling approximately $347,155, which falsely and fraudulently represented that various health care benefits, primarily prescription drugs, were medically necessary, prescribed by a doctor, and had been provided by 49th Street Pharmacy to Medicare beneficiaries.

7. As a result of such false and fraudulent claims, Medicare prescription drug plan sponsors, through their PBM's, made over-payments funded by Medicare to 49th Street Pharmacy in the approximate amount of $249,872.

8. **YENISELL FAYULA** and others used the proceeds of the heath care fraud for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
## Health Care Fraud
## (18 U.S.C. § 1347)

1. Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around August of 2015, through in or around January of 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YENISELL FAYULA,**

6

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendant and her accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4. The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, **YENISELL FAYULA,** in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare and Medicare drug plan sponsors, and to

obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendant submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that A&B Pharmacy and 49th Street Pharmacy provided pharmaceutical items and services to Medicare beneficiaries pursuant to physicians' orders and prescriptions as set forth below:

| Count | Medicare Beneficiary | Approx. Date of Claim | Pharmacy Name | Claim Number | Item Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|
| 2 | M.F. | 08/17/2015 | A&B Pharmacy | 1562930454110000493296294 | Seroquel XR; $1,313 |
| 3 | F.M. | 08/19/2015 | A&B Pharmacy | 1563165671710000493296294 | Diclofenac Sodium; $1,179 |
| 4 | L.M. | 11/02/2016 | 49th Street Pharmacy | 60251656529 | Canasa; $520 |
| 5 | T.H. | 12/08/2016 | 49th Street Pharmacy | 61124190792 | Latuda; $1,541 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE
## (18 U.S.C. § 982)

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **YENISELL FAYULA**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1347 or 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of at least $16,848.00 in United States currency, which amount is equal to

8

the gross proceeds traceable to the commission of the violations alleged in this Indictment and which may be sought as a forfeiture money judgment.

4.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

YENISELL FAYULA,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

Court Division: (Select One)
✓ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New defendant(s)         Yes ___  No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect   Spanish

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                       (Check only one)
   I    0 to 5 days       ✓               Petty      ___
   II   6 to 10 days      ___             Minor      ___
   III  11 to 20 days     ___             Misdem.    ___
   IV   21 to 60 days     ___             Felony      ✓
   V    61 days and over  ___

6. Has this case previously been filed in this District Court?   (Yes or No)  No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY
Court No. 0588040

*Penalty Sheet(s) attached                                                         REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** YENISELL FAYULA

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**    Twenty (20) Years Imprisonment

Counts #: 2-5

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**    Ten (10) Years Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**